IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

EDWARD PAUL CHEVALLIER                                                              PLAINTIFF

v.                              Case No. 3:11-CV-03050

CARROLL COUNTY DEPUTY
SHERIFF JOEL HAND, in his individual capacity                           DEFENDANTS

**ORDER**

Currently before the Court are Defendant's Motion for Partial Summary Judgment (Doc. 15) and Brief in Support (Doc. 16) and Plaintiff's Response (Doc. 19). For the reasons set forth below, Defendant's Motion for Partial Summary Judgment (Doc. 15) is **DENIED**.

**I. Background**

Plaintiff alleges that on or about August 16, 2010, Defendant Joel Hand, a Deputy Sheriff of Carroll County, Arkansas, arrested Plaintiff at Plaintiff's residence for certain misdemeanor crimes that did not occur in Defendant's presence. Defendant did not have a warrant to arrest Plaintiff for these offenses, and Plaintiff asserts that he did not commit any crimes. Plaintiff further maintains that during the arrest process, Defendant sprayed Plaintiff in the face with pepper spray, wrestled him to the ground, and injured him. Plaintiff was 81 years old at the time of the incident.

After Plaintiff was arrested, he was charged with disorderly conduct, harassment, criminal trespassing, and refusal to submit to arrest. He filed a Complaint in this Court on July 7, 2011, claiming violations of the Federal Civil Rights Act, codified at 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the U.S. Constitution. Plaintiff contends that Defendant used excessive force against him and falsely arrested and detained him, in violation of Plaintiff's constitutional

rights.

Defendant admits in his Motion for Partial Summary Judgment that there exist genuine issues of material fact in controversy regarding Plaintiff's excessive force claim; but as to Plaintiff's false arrest and imprisonment claims, Defendant argues that no factual controversy exists, and the Court may decide these claims as a matter of law. Plaintiff's Response to Defendant's Motion for Partial Summary Judgment references only a dispute of law, rather than any dispute of fact. However, Defendant has attached as exhibits to his Motion the depositions of himself and Plaintiff, and in considering these, the Court has surmised that, despite Plaintiff's failure to specifically recite any dispute of fact in his Response, some disputes indeed exist and are material to ruling on the Motion now before the Court.

## II. Legal Standard

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

**III. Discussion**

Defendant contends that, as a law enforcement officer employed by state government, he is entitled to qualified immunity on Plaintiff's claims for false arrest and imprisonment. "When a state actor is sued in [his] individual capacity, [he] can plead an affirmative defense of qualified immunity." *Wagner v. Jones*, 664 F.3d 259, 268 (8th Cir. 2011) (citation omitted). "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When analyzing an officer's conduct, "the court should ask whether the [officer] acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed . . ." *Hunter v. Bryant*, 502 U.S. 224, 228 (1991).

The key issue in determining Defendant's entitlement to qualified immunity is whether Defendant had probable cause to arrest and imprison Plaintiff. *Hannah v. City of Overland, Mo.*, 795 F.2d 1385, 1389 (8th Cir. 1986) ("It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments"). Under Arkansas law, the elements of proof required to demonstrate false arrest and false imprisonment are identical. *Headrick v. Wal-Mart Stores, Inc.*, 293 Ark. 433, 435 (Ark. 1987). Both occur when there is confinement without legal authority. *Id.*

Plaintiff's arrest was particularly unusual in that Defendant lacked an arrest warrant and, it appears, did not personally observe Plaintiff committing an underlying crime, other than those offenses related to the arrest itself. Plaintiff's brief Response to Defendant's Motion cites only to *Bad Elk v. United States*, 177 U.S. 529 (1900), for the proposition that an officer may not make a

warrantless arrest for a misdemeanor committed outside of the officer's presence. *Bad Elk*, however, was decided 112 years ago, based on the common law. Since then, the U.S. Supreme Court has not ruled on whether a warrantless arrest for a misdemeanor is permitted under the Fourth Amendment, when the officer did not observe the offense. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1258 (8th Cir. 2010). The Eighth Circuit has not precisely decided this point of law either, but has stated that "the weight of authority holds that the Fourth Amendment does not impose an 'in the presence' requirement . . .'" *Id.* (citing *Welsh v. Wisconsin*, 466 U.S. 740, 756 (1984) (White, J., dissenting) ("But the requirement that a misdemeanor must have occurred in the officer's presence to justify a warrantless arrest is not grounded in the Fourth Amendment . . . and we have never held that a warrant is constitutionally required to arrest for nonfelony offenses occurring out of the officer's presence") (internal citation omitted)).

Because an "in the presence" requirement for a warrantless police arrest on a misdemeanor offense is "far from clearly established," according to the Eighth Circuit, the question of whether Defendant is entitled to qualified immunity for his actions depends on a probable cause analysis. If Defendant had probable cause to arrest, under the circumstances, his actions would receive qualified immunity. *Veatch*, 627 F.3d at 1259. "Probable cause exists when a police officer has reasonably trustworthy information that is sufficient to lead a person of reasonable caution to believe that the suspect has committed or is committing a crime." *Id.* at 1258. To determine whether probable cause exists, "the court looks to the totality of the circumstances to see whether a prudent person would believe the individual had committed or was committing a crime" in order to determine whether probable cause exists. *U.S. v. Sears*, 31 F.3d 655, 659 (8th Cir. 1994).

Defendant claims that he had probable cause to arrest and detain Plaintiff based on the

following combination of undisputed facts: 1) Defendant responded to a police radio call dispatching him to Plaintiff's residence after a complaint of disorderly conduct or possible assault (Doc. 17-1, p. 8); 2) just prior to Plaintiff's arrest, Dan Rice, the purported victim, told Defendant that Plaintiff was "taunting him" and wanted to fight him (*id.* at p. 9); 3) Defendant observed Plaintiff's four-wheeler leaving the victim's general vicinity, if not technically the victim's property (*id.* at pp. 10-11, 14; Doc. 17-2, p. 24); and 4) Plaintiff admitted, just prior to arrest, that he had contact with the alleged victim and had "been over there," presumably to the alleged victim's property or thereabouts (Doc. 17-1, p. 13).

Judging only by what Defendant personally observed and by his evaluation of the statements and credibility of the alleged victim, the Court concludes that it is not clear if a person of reasonable caution would have believed that Plaintiff committed a crime.  It is also not clear, from the facts alleged, that the alleged victim's statement to the Defendant was reasonably trustworthy. Moreover, no other witnesses or physical evidence existed to corroborate the alleged victim's account, and Defendant himself was not a witness to any crime, even criminal trespass, by his own admission.[1] Corroboration of an alleged victim's account is not a prerequisite to establishing probable cause; but in the instant circumstances, the lack of any corroboration strikes the Court as an imprudent basis upon which to execute a warrantless arrest, absent any exigent circumstances or evidence of bodily harm to the alleged victim or others.  The Supreme Court has held that "even in making a warrantless arrest an officer 'may rely upon information received through an informant, rather than upon his

---

[1] In his deposition, Defendant stated once that he witnessed Plaintiff committing the crime of criminal trespass. (Doc. 17-1, p. 14).  However, upon cross-examination, Defendant contradicted this statement repeatedly throughout the deposition, leaving the Court with doubt as to whether a prudent person in Defendant's situation would have reasonably believed the crime of trespass had been committed.

direct observations, *so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge.*'" *Illinois v. Gates*, 462 U.S. 213, 242 (1983) (emphasis added) (quoting *Jones v. United States*, 362 U.S. 257, 269 (1960)).  Here, the only apparent corroboration within Defendant's knowledge was his observation of Plaintiff on his four-wheeler, driving away from the direction of the alleged victim's residence.  When reviewing these facts in a light most favorable to Plaintiff, Defendant has failed to establish that summary judgment is appropriate.

**IV.  Conclusion**

     Because Defendant has failed to meet his burden of proof, the Court declines to dismiss Plaintiff's false arrest and imprisonment claims on the grounds of qualified immunity.  Defendant's Motion for Partial Summary Judgment (Doc. 15) is therefore **DENIED**.  This matter is set for trial commencing August 27, 2012.

    **IT IS SO ORDERED** this 6th day of August, 2012.

                                           /s/ P. K. Holmes, III
                                           P.K. HOLMES, III
                                           CHIEF U. S. DISTRICT JUDGE